UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA YOLANDRIA SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>STOCKTON POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No.  2:16-cv-00493-KJM-CKD (PS)<br><br>ORDER |

On March 9, 2016, plaintiff Teresa Y. Smith filed a complaint and motion for a temporary restraining order (TRO) against the Stockton Police Department.  Ms. Smith is not represented by counsel.  For the following reasons, her motion for a temporary restraining order is denied without prejudice.

I.     BACKGROUND

Ms. Smith's complaint alleges the Stockton Police Department has engaged in a campaign of harassment against her and her family, including by making unwarranted traffic stops and impounding vehicles under pretext, making false arrests and false charges, and carrying out beatings and attacks by police dogs.  *See* Compl. at 7–16, ECF No. 1.[1]  She asserts civil rights

---

[1] For ease of reference, page numbers cited in the complaint are those printed by the CM/ECF system at the top right of each page.

1

1 claims and charges the defendants with hate crimes, harassment, stalking, and defamation. *Id.* at
2 4. She cites this court's federal question jurisdiction, and it may reasonably be inferred she relies
3 on 42 U.S.C. § 1983. *See id.* at 2.

4       Ms. Smith's request for a temporary restraining order explains her family has been
5 victimized and harassed and that family members fear for their well-being. Mot. TRO, ECF
6 No. 3. In her complaint, she describes events occurring generally between November 21, 2014
7 and "five weeks ago." Compl. at 7, 9. She does not describe a specific imminent harm or
8 harassment that she expects will occur in the future, and that she seeks to prevent in obtaining a
9 temporary restraining order.

10 II.     LEGAL STANDARD

11       A temporary restraining order may be issued upon a showing "that immediate and
12 irreparable injury, loss, or damage will result to the movant before the adverse party can be heard
13 in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the
14 status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no
15 longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In
16 determining whether to issue a temporary restraining order, a court applies the factors that guide
17 the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to
18 succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief,
19 . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest."
20 *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v.*
21 *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for
22 temporary restraining orders and preliminary injunctions is "substantially identical").

23       In addition, the Local Rules of this District impose certain requirements on those
24 who request a temporary restraining order:

25         No hearing on a temporary restraining order will normally be set
26         unless the following documents are provided to the Court and,
        unless impossible under the circumstances, to the affected parties or
27         their counsel:

28         (1) a complaint;

    (2) a motion for temporary restraining order;

    (3) a brief on all relevant legal issues presented by the motion;

    (4) an affidavit in support of the existence of an irreparable injury;

    (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given;

    (6) a proposed temporary restraining order with a provision for a bond;

    (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance; and

    (8) in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

E.D. Cal. L.R. 231(c). While the court construes the pleadings of a pro se plaintiff such as Ms. Smith liberally, it is required to hold her to the rules of procedure. *See* E.D. Cal. L.R. 183(a); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925–28 (9th Cir. 2012).

III. DISCUSSION

   Most of the documents and information required by Local Rule 231 are missing from Ms. Smith's motion and complaint. It also is unclear to the court what injunctive relief she seeks and what imminent harm she may suffer should the court deny her request for preliminary relief. She does not make a legal argument to show she is likely to succeed on the merits of her claims, and the legal basis for her claims is unclear.

IV. CONCLUSION

   The motion is DENIED without prejudice. Any future motion for a temporary restraining order shall include the documents and information described above and in Local Rule 231.

1   While Ms. Smith's case will proceed on her complaint even if no new motion for a
2   temporary restraining order is filed, the court notes that in light of the information provided in her
3   filing, Ms. Smith may wish to contact Legal Services of Northern California, 517 Twelfth Street,
4   Sacramento, CA 95814, or by phone (916) 551-2150 or fax (916) 551-2196.
5       IT IS SO ORDERED.
6   DATED: March 9, 2016.

UNITED STATES DISTRICT JUDGE