UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA SMITH, | No. 2:16-cv-0493 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| STOCKTON POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain more than
7    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
11   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
12   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
14   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
15   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
16   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17   U.S. 232, 236 (1974).

18   The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
19   unable to determine whether the current action is frivolous or fails to state a claim for relief.
20   Further, the court has determined that the complaint does not contain a short and plain statement
21   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
22   policy, a complaint must give fair notice and state the elements of the claim plainly and
23   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
24   must allege with at least some degree of particularity overt acts which defendants engaged in that
25   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
26   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
27   an amended complaint.
28   ////

1    If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
2    grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).
3    Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation
4    of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
5    The complaint, as presently drafted, appears to be a letter to a lawyer complaining about
6    several incidents involving officers of the Stockton Police Department.  Some of the incidents
7    involve plaintiff's children.  It is not apparent from the complaint whether plaintiff is attempting
8    to state claims on behalf of her children.  If so, plaintiff is advised that she may not proceed on
9    such claims in propria persona.
10   The Civil Rights Act under which this action was filed provides as follows:
11   Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of
12   the United States . . . to the deprivation of any rights, privileges, or immunities secured by the
13   Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other
14   proper proceeding for redress.  42 U.S.C. § 1983.  The statute requires that there be an actual
15   connection or link between the actions of the defendants and the deprivation alleged to have been
16   suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v.
17   Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional
18   right, within the meaning of  § 1983, if he does an affirmative act, participates in another's
19   affirmative acts or omits to perform an act which he is legally required to do that causes the
20   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
21   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
22   their employees under a theory of respondeat superior and, therefore, when a named defendant
23   holds a supervisorial position, the causal link between him and the claimed constitutional
24   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
25   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague
26   and conclusory allegations concerning the involvement of official personnel in civil rights
27   violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
28   ////

      Plaintiff is advised that in any amended complaint, she must set forth separate causes of action and should not plead in one complaint incidents that are unrelated.  In addition, if plaintiff intends to pursue claims against a municipality, plaintiff must set forth facts alleging that local government officials have intentionally violated plaintiff's constitutional rights, the violation was part of policy or custom and was not an isolated incident, and that there is a link between the specific policy or custom to the plaintiff's injury.  See Monell v. Department of Social Servs., 436 U.S. 658, 690-92 (1978).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

      2.  Plaintiff's complaint is dismissed; and

      3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 30, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 smith0493.ifp-lta